Good morning. May it please the Court, Counsel. My name is Elizabeth Pollack. I'm with the Federal Public Defender for the Central District of Illinois and I'm here on behalf of the Appellant, Mr. Tyree Neal, today. We have a pretty narrow issue to review and that is the fact that when Mr. Neal was revoked, when his supervised release was revoked this last time, he was sentenced to 18 months of imprisonment, 36 additional months of supervised release, with a series of prisons this last time around, he filed a pro se motion in the District Court to eliminate some of those conditions of supervised release. The pro se motion was never supplemented, although counsel was appointed to represent him in that proceeding, and as in fact from the face of the motion, it is unclear as to which conditions he was actually wanting to challenge, but those conditions were specified when they got before the District Court and had a hearing on it. Particularly with regards to the special condition of supervised release, we're only here on one today, and that is the sex offense specific search condition that relates to the probation officer being able to search pretty much anywhere or anything belonging to Mr. Neal, including computers, cell phones, and paperwork, if it's deemed that there is a reasonable suspicion that a violation has occurred. And the argument with regards to that condition is that in every statute that mentions it, and in the guidelines, that condition is related to sex offenses involving minor victims. Mr. Neal's offense was a drug offense, and his violation... Now, was the District Judge asked to modify the conditions for supervised release? Yes, he was. Specifically, I believe the pro se motion mentioned discretionary conditions. There were four specific special conditions that counsel brought up in the District Court, and there were four rulings on those four conditions. But these standard conditions? The standard conditions were not challenged, but... Well, shouldn't these issues be raised with the District Judge? Well, yeah, they should be, but when they're not... Well, when they're not, then why don't we just dismiss? I don't understand. Well, we don't dismiss them because, first of all, the pro se motion that was admittedly inartful, and Mr. Neal, at the time, as a pro se defendant, can't be tasked with... Well, file a new artfully drafted motion with the District Judge. Well, Your Honor, if I'd been there, I might have done that. I didn't have this case in the District Court. However, that being said, he did raise the specter of supervised release. What do you mean, you don't have this case in the District Court? Is there another lawyer for him in the District Court? Yes, this was the Southern District of Illinois. I'm Central District. I represent him on appeal only. There was a different attorney in the District Court. The hearing that took place in the District Court... Well, why didn't that lawyer ask for a modification of the standard conditions? I can't speculate as to what that attorney was thinking at the time, Your Honor. However, the case was... Well, I don't understand. If a court has jurisdiction, but the lawyer doesn't bother to invoke that jurisdiction, it doesn't follow that you can go to a district court. At the time that this case was heard... Have you talked to that lawyer? Yes, I have. Well, why is that lawyer unwilling to ask the District Judge to modify these conditions? My guess is because... What do you mean, guess? What did that person tell you? The attorney at the time was unaware of the issues that were being raised in this court that were subsequently ruled on in United States v. Thompson and United States v. Kappas at the time. He was unaware of those issues and did not raise them. But the hearing in this case did take place prior to the issuance of Thompson, Kappas, and all the other subsequent cases having to deal with supervised release. Now, Mr. Neal did... So you go back to the District Court and you say, Court of Appeals has issued these opinions questioning practice of District Courts in imposing these conditions in sort of a mechanical fashion. And in light of these decisions, we'd like the District Judge... You know, the government has been confessing error in a lot of these cases and saying, yes, the District Judge should take another look at the conditions for supervised release. That seems like the orderly way in which to deal with the issue. Give the District Judge a chance. The practice and procedure, at least from our office, has been to request a joint remand in these cases. However, when there is a meritorious issue such as the sex offender condition in this case, the practice has been to litigate that. I don't think that's a meritorious issue, actually. But in any event, why shouldn't these issues be considered by the District Judge? Eventually, they should be. They should be because there's no disputing that a good number of those standard conditions have been invalidated by this Court. But Mr. Neal did what he could as a pro se defendant and raised the issue of supervised release. At the time, the Kappas and Thompson decisions had not been issued yet. He was unaware of them. So he has two lawyers. He has you and his District Court lawyer. Correct. So if the District Court lawyer isn't doing his job or her job, then you tell him, fire that lawyer, and you'll file an appropriate motion with the District Court. I believe the attorney was CJA, Your Honor. He was appointed by the District Court after Mr. Neal filed his pro se motion. I'm not sure what the ability of Mr. Neal would be to terminate him and find other counsel, given that he's indigent and received the appointment of a CJA attorney. But that being said, I agree with Your Honor that the District Courts do need to adjust these conditions. And since we are here on another issue, which is the sex offender condition, which is only relevant for sex offense cases and yet was imposed in a drug offense case with no explanation. The rules do not confine that condition to sex cases. The guideline does specifically state that in cases where sex offender registration is required and the statute also recognizes sex offender registration. That's not all it says. Pardon? That's not all it says. The policy statement says that these special conditions, which includes the sex offense one, are recommended in the circumstances described and in addition may otherwise be appropriate in particular cases. It's not limited to sex. And in this case, it was challenged on the basis that it was not appropriate. But you're saying that it's just applicable to sex offenses, and that is not true. The policy statement says that it's applicable to sex offenses, and in this case, Mr. Neal's memory is from the policy statement. And would you agree that all of these are advisory? Yes. And you would agree that district judges have discretion to tailor special conditions of supervised release to the needs of the case? And in this case, we are arguing that the court abused its discretion in doing so, particularly because the revocation in this case and the underlying offense were both based on drugs. Now, in the transcript... Okay, that's where I'm not tracking your argument, because you're circling back to the idea that somehow the judge is prohibited from imposing this condition in this case. I thought you just told me the judge had discretion. The judge does have discretion, but generally... So the policy statement is just that. It's a policy statement. And this condition is recommended specifically in cases where there are sex offenses against minors. And in this case, it was challenged on the basis that it was... And how about drug cases in which the defendant on supervised release has a track record of continuing to use drugs, deceiving his probation officer, and resisting drug counseling? That seems to me like an eminently reasonable condition. In this case, it was challenged on the basis that it was not appropriate for Mr. Neal. And all the district judge said in imposing that condition, or not vacating that condition, was that he tested positive. And that was before... Why do you think it's inappropriate? Because it allows a probation officer to search a computer, paperwork, cell phone, all areas. I mean, unless he's carrying drugs in his cell phone, that's not reasonable. Was the computer or cell phone point made in the district court specifically? I didn't see that until I thought your reply brief. That's correct. In the district court, all that was argued was that the condition was inappropriate for Mr. Neal. And all the judge said was that it was appropriate for Mr. Neal. And he cited that the defendant had a prior positive drug test and that that's why the condition was appropriate. Right. So it wasn't argued as an over-breath kind of claim that this is an over-broad search condition. I don't think anything particularly about it was argued, over-breath included. So then you're stuck with what was argued, which is sort of a categorical argument that it's not appropriate for a drug offender. And in this case, it was not appropriate. And I see that I am into my rebuttal. Before you sit down, would you address the procedural vehicles that are available at this late date? Because these conditions were, to the extent that you're challenging the standard conditions that, as we've established, was not argued to the district court. That's correct. If this court were to not remand in this case and were to dismiss or to find that no error occurred, then the procedural. On the search. Correct. On the search condition. On the search or standard. Which one are we? What is the procedural hook here that's available to your client? Because we're long past a direct appeal of the judgment. Supervised release conditions can be modified at any time. And he did raise the issue. You're relying on 3583E2, right? Yes, that's correct. Okay. Is that an appropriate vehicle for challenging the legality as opposed to the grounds for modifying a condition? Because your challenge to the standard conditions is, and partly your challenge to the search condition, is that it's illegal as a categorical matter or there was some illegality in the manner in which it was imposed. That's correct. So, yeah, I do believe that you can procedurally raise both the overarching legality of the issue and also the applicability to that particular person by using 3582. Based on what authority? Just the language of the statute. It says that you can petition to modify a condition of supervised release at pretty much any time. You can also reduce the term of supervised release. You can extend it. You can revoke it. Modify it for any reason because it was unlawfully imposed from the get-go? Well, I think that's the only procedural vehicle we have at this point because a lot of people have the conditions of supervised release, which this court has since invalidated, and there really is no other way to modify those without filing the petition. Right, but why is that a problem? A problem in what way? I don't think it's a problem. I think that they can file the petition. If that's the only vehicle and it's foreclosed because this isn't really a modification situation, your argument is not that the condition has ceased to be relevant for your client. It's that it was never relevant or permissible in the first place. But it's not relevant to him now. Because that condition, he's specifically asked to vacate it after his supervised release was already revoked. So this is a newer judgment. This is the 2013 judgment that we're talking about. And so if I understand the court's question, I think that the only thing a defendant can do in that situation is file a petition to modify the conditions now that the Thompson and Kappas cases and those line of cases have come out to vacate them or modify them and to bring them into compliance with this court's rulings. And so if this court were to not remand, then I suppose another way to do that would be to go back into the district court and file, again, another motion. My position is that's kind of a waste of time. But why would it be acceptable? That was a little different from what you're asking us to do here. But I understand your point about wanting to challenge the legality of these things in light of new case law. There are decisions from other circuits, however, that say you cannot use illegality as a basis for modification under E2. I don't think those have been discussed. Any thoughts on the issue? I disagree. I think that there's the alternative not allowing a defendant to modify what has since been considered an illegal condition, either by vagueness, overbreadth, or simply lacking the appropriate scientific requirement. Now that defendant is subject to an illegal condition of supervised release. Frankly, I'm inclined to agree with you about the substantive challenges under E2. But I'm very troubled by the idea that you can use E2 to say, well, the district judge didn't do the right procedure, didn't provide a sufficient explanation back at the time of the original sentencing. So we'd like to go – do you think you can go back then on that theory? All the way back to the original judgment? Yes, or even this one, even the 2013. I think anyone who is still under a sentence of supervised release and is subject to illegal conditions, without that vehicle – That's not my question. Let me be more specific. My question is not about substantively illegal conditions. My question is about arguable procedural errors made, the adequacy of an explanation. Then no. I don't believe that a district court who failed to comply with a law that became law in 2015 should then have a judgment from 2001 re-evaluated on that basis. It is solely based on the fact that those conditions which the defendant is currently subject to is illegal. Thank you. Okay, thank you, Ms. Pollack. Mr. Kelbley. May it please the Court. My name is Shane Kelbley. I represent the United States. I think there's two discrete issues that have been talked about here today. First, there's the appeal of the search condition, and then we have the appeal based on the standard conditions of supervised release, which has never before been raised. I'd like to start briefly with the search condition. The district court didn't abuse its discretion in retaining a reasonable search condition as part of petitioner supervised release. Petitioner's argument seems to be, initially, that simply because the guidelines recommend a search condition for sex offenses, it can't be used for any other offenses. And that's just illogical, and it's contradicted by the clear case law of this circuit. In 2013, this court decided U.S. v. Johnson, which is a case that is very close to this one. The underlying crime was the same, drug dealing. The underlying terms of revocation were the same, drug dealing, lying to probation officers and whatnot. And the exact same search condition was imposed by the district court. Johnson challenged it, and this court said, this court upheld that search condition. Because they said, just like in this case, it's not difficult to see a nexus between a cell phone and a computer and all these other things and people who deal drugs and use drugs. Somehow they have to contact their drug dealers, their drug clients, and it is reasonable to see a connection that would warrant such a search condition. Johnson was not a precedential decision, was it? There's also U.S. v. Montiero, Your Honor, in 2010, which involved fraud. I guess what I'm trying to say with these cases is that there's nothing to The jurisprudence of this court shows that a search condition is not just limited to sex offenses. Well, that's as a matter of what the guideline says as well, not just what we've said about the cases or what we've said in the cases. There's nothing in the guideline that limits this condition to sex offenders. Yes, Your Honor, that's my basic point. And so with your permission, I'd like to move on to the standard terms of supervisory release issue. As discussed, Petitioner was revoked in 2013. Before cases like U.S. v. Goodwin, U.S. v. Adkins were decided. And that's the time when these standard terms and special terms were implemented. The 2014 motion to modify only raised four discrete special conditions, and the judge held an extended hearing on those conditions. And, in fact, he removed one of them, the mental health counseling condition, after hearing testimony from the parole officer and from everyone involved. Now, there's no dispute that in the time since the Petitioner was sentenced in 2013, this court has handed down some significant cases in supervisory release. And the U.S. Attorney's Office and the U.S. Probation Office and the district courts and the federal defenders have been working together to comply with those decisions, and that's all to the good. We're not challenging the fact that some of the standard terms of supervisory release here have subsequently been disapproved of by this court. What we dispute, I think, is what this court was talking about earlier, the procedural posture here, that Petitioner is seeking appellate review of issues that were never raised before a district court. The district court didn't have the chance. What about the antecedent question that we've been discussing about whether 3583E2 is an appropriate procedural vehicle for raising a Thompson-Cappis kind of challenge? I don't think it's appropriate for whether a district court judge adequately discussed the issues. I do think it is appropriate for some of the specifically disproved conditions. For instance, the third-party notification issues that this court has talked about, if someone wants to modify those conditions, Petitioner has admitted on pages 3 and 4 of their reply brief, and as you've talked about, they can file a motion for modification with the district court, and the district court would have to look at those conditions, look at this court's jurisprudence, and proceed accordingly, and at that time... With respect to discrete conditions, it's not a vehicle for a complete do-over on... I don't believe so, Your Honor, no. ...procedural impropriety grounds. In other words, that adequate justification was not announced at the time of sentencing. No, Your Honor, I think that would open a huge floodgate that is just unworkable at this time. I think it is important to make sure that the correct terms that are constitutional are imposed, and that's why we have this safety valve, this motion for modification, that can be made at any time to the district court, and I think that's what needs to happen. If Petitioner wants to pursue changing these standard terms of his supervised release, that is the avenue that he would go, because otherwise anyone who's unhappy with their supervised release terms can simply file a motion for modification, arguing anything as spurious as they want, and then when they get to this court, they can raise a whole new set of arguments. And I think Federal Rule of Appellate Procedure 4 works here. This portion of the appeal is just untimely in that it is appealing the 2013 revocation hearing, which, by the way, this court upheld on appeal, and so it's almost like a collateral attack in some ways. And I just don't think it's the correct procedural posture in this case. So I would end by saying this court has worked a C change in supervised release, and having done so, it's only appropriate to allow courts of first instance to implement the rules that this court has handed down. If there are no further questions, the government rests on hearing. But only some of the rules. Excuse me? The substantive rules, not the procedural rules. The substantive rules. Yes, Your Honor. Thank you. Okay. Thank you, Mr. Kelby. Thank you. Ms. Pollack, do you have anything further? I realize that the court's questions took up the majority of my rebuttal time, but I just did want to make one more point, and that is that when it comes to the series of cases which are limited in scope where the sentencings or judgments were imposed prior to this decision in Thompson, but the appeals took place after Thompson, there are many, many examples of cases where defendants failed to object to supervised release conditions, the standard conditions prior to the appeal, and this court has found that under any standard of review, abuse of discretion, or plain error, that those are still errors and should still be remedied. So I know this is distinguishable. Right. That's on direct review. Right. We're not on direct review of the imposition of the conditions. I understand that. But that's the basis for the theory that this court can do something about that because Mr. Neal did everything he could, albeit inartfully, to raise these issues. He did not challenge the standard conditions. He did challenge the special ones. But the issue of supervised release was before the district court, and that's why we believe remand is appropriate. Thank you. Okay. Well, thank you very much, counsel.